In re Petition for DISCIPLINARY AC-TION AGAINST Daniel J. MOULTON, a Minnesota Attorney, Registration No. 136888.

### No. A05–1865.

Supreme Court of Minnesota.

June 10, 2010.

### ORDER

On September 28, 2006, we suspended respondent Daniel J. Moulton from the practice of law for a minimum of 90 days for failing to timely file quarterly employer withholding tax returns and failing to timely pay employer withholding taxes. *In re Moulton*, 721 N.W.2d 900, 907 (Minn.2006). We allowed respondent to apply for reinstatement under Rule 18(f), Rules on Lawyers Professional Responsibility (RLPR), by attesting, among other things, that "respondent either has made an offer in compromise acceptable to the IRS or has entered into and remained in compliance with a repayment agreement with respect to the outstanding tax liabilities." 721 N.W.2d at 907. After the IRS changed its procedures for processing offers in compromise, we allowed respondent to apply for reinstatement by filing an affidavit "attesting that respondent has submitted an offer in compromise to the IRS and has satisfied all conditions for IRS evaluation of the offer." *In re Moulton*, 733 N.W.2d 777, 777 (Minn.2007).

Respondent has filed an affidavit attesting that he has satisfied all conditions for reinstatement as stated in our 2006 opinion, as modified by our 2007 order. The Director has no objection to respondent's reinstatement, subject to the conditions stated in our 2006 opinion and further subject to certain mutually agreed upon

decision to remand for a new trial on damages is vacated.

practice restrictions necessitated by injuries suffered by respondent in a January 2009 motor vehicle accident.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Daniel J. Moulton is reinstated to the active practice of law, subject to payment of registration fees and the following terms and conditions:

a. Respondent is placed on unsupervised probation for the longer of: (1) two years from the date of filing of this order; or (2) until respondent has fully paid all past-due employer withholding tax liabilities for the Moulton Law Office and any other businesses for which respondent was required to collect, account for, and pay over taxes under 26 U.S.C. §§ 6672 or 7202 (2000), or for which respondent is personally liable for payment under Minn.Stat. § 270.101, subd. 1 (2008), or any lesser amount agreed to by the applicable taxing authority. Respondent shall report to the Director monthly concerning his progress in reaching agreements as to his outstanding tax liabilities.

b. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

c. Respondent shall abide by the Minnesota Rules of Professional Conduct.

d. Respondent shall remain current on all tax obligations to federal and state taxing authorities arising in the future, and on any payment agreements with such federal and state taxing authorities, until all past-due tax liabilities for which he is personally responsible have been paid. Respondent shall affirmatively report to the Director, on or before the due date of the required return, his compliance with tax filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of any applications for filing extensions. Respondent shall provide the Director with all of the documents and information required without specific reminder or request.

e. Respondent's practice shall be limited to no more than three of the following areas of law at any one time: bankruptcy (representing debtors), criminal defense, estate planning and administration, family law, and real estate. Respondent shall not practice more than five hours per day nor more than four days per week. After one year of practice, respondent may request permission from the Director to practice in areas other than those listed, to increase the number of hours per day of practice, and/or to increase the number of days per week of practice, which request the Director may grant in his sole discretion. To assist the Director in evaluating respondent's request, the Director may require respondent to undergo an independent medical evaluation by a professional of the Director's choosing, at the Director's expense.

BY THE COURT:

/s/ Alan C. Page
Associate Justice